ORIGINAL

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **HAYDEN RADER,** **individually and on behalf of all others similarly situated,** **Plaintiff,** v. **THE UNITED STATES,** **Defendant.** | ) ) ) ) ) ) ) ) ) ) ) | **No.** 07-112-L **Judge** ________ |

FILED
FEB 16 2007
U.S. COURT OF FEDERAL CLAIMS

## CLASS ACTION COMPLAINT

Plaintiff Hayden Rader ("Named Plaintiff"), on behalf of himself and all others similarly situated, alleges as follows for his class action complaint against Defendant, The United States of America:

## JURISDICTION AND VENUE

1. The United States Court of Federal Claims has exclusive jurisdiction over this takings claim against the United States pursuant to the Tucker Act, 28 U.S.C. §§ 1346(a)(2), 1491(a)(1), because Named Plaintiff brings this claim for himself and others similarly situated against the United States founded upon the 5th Amendment to the Constitution.

2. Venue is proper pursuant to 28 U.S.C. § 1491 (a) (1).

## PARTIES AND GENERAL ALLEGATIONS

3. Named Plaintiff is a citizen of the State of Colorado.

4. Named Plaintiff owns a fee simple or other reversionary interest in land constituting part of a 33.44-mile line of railroad corridor known as the Aspen Branch,

in which the Roaring Fork Transportation Authority ("RFTA") owns a right-of-way for railroad purposes. The Aspen Branch corridor extends from milepost 360.22 near Glenwood Springs to the end of the line at milepost 393.66 near Woody Creek, in Garfield, Eagle, and Pitkin Counties, Colorado.

5. When the railroad was constructed on the Aspen Branch corridor in the late 1800s, the railroad company obtained easements, rights-of-way and other rights allowing the company to occupy the Aspen Branch corridor for railroad purposes, which easements were extinguished when RFTA ceased railroad services.

6. The corridor has been converted for trail use as result of orders of the Surface Transportation Board issued pursuant to the National Trails System Act, 16 U.S.C. § 1241, et. seq.

7. The conversion of the Aspen Branch corridor to recreational trail use deprived the Named Plaintiff and all others similarly situated of their rights to ownership, possession, control and enjoyment of their land.

8. The conversion constitutes a taking of the property of Named Plaintiff and all others similarly situated, for which the Fifth Amendment to the United States Constitution entitles Plaintiffs to just compensation.

## CLASS ACTION ALLEGATIONS

9. Named Plaintiff brings this action on his own behalf and on behalf of all persons who owned reversionary interests in land constituting part of the Aspen Branch corridor and which corridor is now converted for recreational trail use as a result of notice and orders issued by the Surface Transportation Board pursuant to the National Trails System Act, 16 U.S.C. § 1241(d), and who have been damaged as a result of

being deprived of their right to ownership, possession, control, and enjoyment of their land because of the conversion (the "Class"). Excluded from the Class are railroad companies and their successors-in-interest; persons who file, or elect to intervene or opt into separate lawsuits against the United States; and persons who are judges and justices of any court in which this action may be adjudicated or to which it may be appealed. The total number of proposed Class members is unknown at this time and can only be ascertained through appropriate discovery; but Named Plaintiff is informed and believes that the number of persons composing the Class exceeds 200. This estimation is based on the fact that there are at least 214 separate parcels of land within the original Aspen Branch corridor.

10. This action is appropriate for class treatment pursuant to Rules of the United States Court of Federal Claims ("RCFC") 23(a).

11. Numerosity: The Complaint meets the requirement of RCFC 23(a)(1) because joinder is impractical. Proposed Class members are geographically diverse in that they reside in at least Garfield, Eagle and Pitkin Counties in Colorado, and may also reside in other Colorado Counties and in other States. Additionally, although Named Plaintiff avers that the precise number of the proposed Class is unknown at this time, Named Plaintiff estimates that the Class exceeds 200. Should a substantial portion of the potential Class seek joinder, the procedure would be inefficient, cost prohibitive, and time consuming.

12. Commonality: The Complaint meets the requirements of RCFC 23(a)(2) because the following questions of law and fact are common to the Class and predominate over questions specific to individual members of the Class:

a. Whether RFTA has discontinued operating a railroad in the Aspen Branch corridor;

b. Whether RFTA filed a petition seeking an exemption under 49 U.S.C. § 10502 from the abandonment requirements of 49 U.S.C. § 10903 concerning land in which Class members own reversionary interests;

c. Whether the Surface Transportation Board issued a Notice of Interim Trail Use ("NITU") concerning portions of the Aspen Branch corridor in which Class members own reversionary interests;

d. Whether Plaintiffs need not show that RFTA filed a Statement of Willingness to Negotiate because RFTA, and not a state or private entity, was the interim trail operator when the Surface Transportation Board issued the NITU;

e. Whether RFTA filed a Statement of Willingness to Assume Financial Responsibility concerning the portions of the Aspen Branch corridor in which Plaintiffs own reversionary interests;

f. Whether the rails-to-trails conversion deprived owners of an interest in land, and of full possession, control, and enjoyment of the land that is subject to the NITU;

g. Whether RFTA operated a railroad on the Aspen Branch corridor pursuant to an easement, license, other non-reversionary interest, or

other interests that did not entitle RFTA to use the land for recreational or other non-railway purposes;

h. Whether, but for the NITU, the railroad operated on the Aspen Branch corridor would have been abandoned;

i. Whether Plaintiffs own reversionary interests in the Aspen Branch corridor which interests would have vested ownership, possession, control and enjoyment of land in Plaintiffs but for the NITU;

j. Whether the NITU, issued pursuant to the National Trails System Act, 16 U.S.C. § 1241, et seq., constitutes a taking of Plaintiffs' reversionary interests in the land under authority of the United States; and

k. Whether the NITU, issued pursuant to the National Trails System Act, 16 U.S.C. § 1241, et seq., constitutes a taking of Plaintiffs' reversionary interests in the land without just compensation.

13. Typicality: RCFC 23(a)(3) is satisfied because Named Plaintiff's claim is typical of the claims of the other members of the proposed Class in that Named Plaintiff alleges a common course of conduct by the United States toward members of the Class. Named Plaintiff, like other members of the proposed Class, owns reversionary interests in the Aspen Branch corridor, which would have vested but for the operation of the National Trails Systems Act.

14. Adequacy: Named Plaintiff will fairly and adequately protect the interests of the proposed Class. Named Plaintiff's interests are not adverse or antagonistic to the interests of the other members of the Class. Named Plaintiff will vigorously prosecute

this action on behalf of the Class. Named Plaintiff has retained class counsel experienced in litigating class actions, well versed in the law and procedures of the Surface Transportation Board and the National Trails System Act, and experienced in litigating complex commercial cases.

15. Named Plaintiff brings this action under RCFC 23(b)(2) because, as described in paragraph 13, common questions of law and fact predominate over questions of law and fact confined to individual members of the Class. In addition, the expenses of litigating each proposed Class member's claim individually would be so cost prohibitive as to deprive Class members of their statutory remedy. As established by statute, this venue is superior to all other venues.

## CLAIM FOR RELIEF

### FIRST CLAIM FOR RELIEF
### (Taking)

17. Named Plaintiff incorporates the foregoing allegations herein.

18. Named Plaintiff and others similarly situated own reversionary interests in land constituting portions of the Aspen Branch corridor, which interests would have vested but for the conversion to recreational trail use.

19. RFTA held an easement or other non-reversionary interest in the corridor, which would have been extinguished when it ceased using the Aspen Branch corridor for railroad purposes.

20. RFTA filed for an exemption from abandonment and a Statement of Financial Responsibility with the Surface Transportation Board.

21. But for the Surface Transportation Board's issuance of the NITU, all right, title and interest in the land underlying the Aspen Branch corridor would have vested in the Plaintiffs.

22. Plaintiffs have not received any compensation for their reversionary interests in land underlying the Aspen Branch corridor.

23. The Surface Transportation Board's issuance of the NITU constitutes a taking for which the Fifth Amendment entitles Named Plaintiff and all others similarly situated to just compensation.

24. By operation of the National Trails Systems Act, on information and belief the Named Plaintiff and others similarly situated have each been damaged in an average amount of $100,000 each.

**PRAYER FOR RELIEF**

WHEREFORE, Named Plaintiff, on behalf of himself and all others similarly situated, prays for relief and judgment against Defendant as follows:

A. For an order certifying the Class under RCFC 23(b)(2) and appointing Named Plaintiff and his counsel to represent the Class;

B. For judgment against the United States in an amount to be determined at trial, which on information and belief will be an average of $100,000 per class member claimant;

C. For interest at the lawful rate from the date of the taking of an interest in the property of Named Plaintiff and all others similarly situated until the judgment is paid;

D. Pursuant to 42 U.S.C. § 4654(c), for reimbursement of reasonable costs, disbursements, and expenses, including without limitation reasonable attorney, appraisal, and engineering fees actually incurred because of this proceeding; and

E. For such other and further relief as the Court deems just and proper.

Dated this 15th day of February, 2007.

Respectfully submitted,

Rick D Bailey
Steven Choquette
William W. Maywhort
Robert A. Bassett

Rick D. Bailey
HOLLAND & HART LLP
8390 E. Crescent Parkway, Suite 400
Greenwood Village, CO 80111
Telephone: (303) 290-1600
Facsimile: (303) 290-1606
rbailey@hollandhart.com

Steven C. Choquette
HOLLAND & HART LLP
555 Seventeenth Street, Suite 3200
Denver, CO 80202
Telephone: (303) 295-8031
Facsimile: (303) 295-8261
schoquette@hollandhart.com

William W. Maywhort
HOLLAND & HART LLP
90 S. Cascade Ave., Suite 1000
Colorado Springs, CO 80903-1645
Telephone: (719) 475-7730
Facsimile: (719) 634-2461
wmaywhort@hollandhart.com

Robert A. Bassett
HOLLAND & HART LLP
8390 E. Crescent Parkway, Suite 400
Greenwood Village, CO 80111
Telephone: (303) 290-1600
Facsimile: (303) 290-1606
rbassett@hollandhart.com

**ATTORNEYS FOR PLAINTIFF**

Address of Plaintiff Hayden Rader:
PO Box 686
Glenwood Springs, CO 81602

3670195_5.DOC